J. Andrew Coombs (SBN 123881)
*andy@coombspc.com*
Annie S. Wang (SBN 243027)
*annie@coombspc.com*
J. Andrew Coombs, A P. C.
517 East Wilson Avenue, Suite 202
Glendale, California 91206
Telephone: (818) 500-3200
Facsimile: (818) 500-3201

Attorneys for Plaintiff Nike, Inc.

**JS6**

NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| Nike, Inc., | ) Case No. CV08-01889 JFW (CTx) |
|---|---|
| Plaintiff, | ) JUDGMENT PURSUANT TO ENTRY OF DEFAULT |
| v. | ) |
| Michael Masjuan a/k/a Mike Masjuan, Dalia Masjuan and Does 1 – 10, inclusive, | ) |
| Defendants. | ) |

This cause having come before this Court on the motion of Plaintiff Nike, Inc. ("Nike" or "Plaintiff") for entry of default judgment and a permanent injunction against Defendants Michael Masjuan a/k/a Mike Masjuan and Dalia Masjuan (collectively "Defendants");

AND, the Court having read and considered the pleadings, declarations and exhibits on file in this matter and having reviewed such evidence as was presented in support of Plaintiff's Motion;

AND, GOOD CAUSE APPEARING THEREFORE, the Court finds the following facts:

Nike owns or controls the pertinent rights in and to the trademarks listed in Exhibit "A" attached hereto and incorporated herein by this reference (The trademarks identified in Exhibit "A" are collectively referred to herein as the "Nike Trademarks").

All of the Nike Trademarks are current and in full force and effect.

Nike v. Masjuan, et al.: Proposed Judgment Pursuant to Default

- 1 -

As a direct result of Nike's longstanding use, sales, advertising and marketing, the Nike Trademarks have acquired secondary and distinctive meaning among the public who have come to identify the Nike Trademarks with Nike and its products. Many of the marks have become incontestable pursuant to 15 U.S.C. § 1065. Additionally, all of the Nike Trademarks qualify as famous marks pursuant to 15 U.S.C. § 1125.

Defendants engage in the manufacture, purchase, distribution, offering for sale and/or sale of counterfeit and/or infringing footwear bearing the Nike Trademarks to the general public.

Defendants in this action are sellers of counterfeit Nike branded shoes through the Internet, including but not necessarily limited to the websites airjordanstore.com and air-jordan-store.com.  Through such active manufacturing, purchasing, distributing, offering of sale and selling of unlicensed and counterfeit footwear, Nike is irreparably damaged through consumer confusion, dilution and tarnishment of its valuable trademarks.

Defendants have caused to be imported, distributed, offered for sale and sold footwear bearing one or more of the Nike Trademarks without the authorization of Nike.  Defendants manufacture, purchase, distribute, offer for sale and sell footwear and related merchandise bearing the Nike Trademarks in California and in interstate commerce.  Defendants have and are likely to cause confusion, deception and mistake as to the source and origin of the footwear and related merchandise in that the buying public may conclude that the products sold by Defendants are authorized, sponsored, approved or associated with Nike.

Defendants' use in commerce of the Nike Trademarks in the sale of footwear and related merchandise is an infringement of Nike's registered trademarks in violation of 15 U.S.C. §§ 1114(1) and 1125.

Defendants have profited from their unlawful activities.  Unless Defendants' conduct is enjoined, Nike and its goodwill and reputation will continue to suffer irreparable injury which cannot be adequately calculated or compensated solely by money damages.  Accordingly, Nike seeks preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

Defendants committed the acts alleged in the Complaint intentionally, fraudulently, maliciously, willfully, wantonly and oppressively with the intent to injure Nike and its business.

The liability of the Defendants in the above-referenced action for their acts in violation of Nike's rights is knowing and willful, and as such, the Court expressly finds that there is no just reason for delay in entering the default judgment and permanent injunction sought herein.

Therefore, based upon the foregoing facts, and

GOOD CAUSE APPEARING THEREFORE, THE COURT ORDERS that this Judgment shall be and is hereby entered in the within action as follows:

1) This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, et seq., as well as 28 U.S.C. § 1338(a) and 28 U.S.C. § 1331.

2) Service of process was properly made on the Defendants.

3) Defendants have made unauthorized uses of the Nike Trademarks or substantially similar likenesses or colorable imitations thereof.

4) Defendants and their agents, servants, employees and all persons in active concert and participation with them who receive actual notice of the Injunction are hereby restrained and enjoined from:

    a) Infringing the Nike Trademarks, either directly or contributorily, in any manner, including generally, but not limited to manufacturing, importing, distributing, advertising, selling and/or offering for sale any unauthorized

product which features any of the Nike Trademarks ("Unauthorized Products"), and, specifically from:

  i) Importing, manufacturing, distributing, advertising, selling and/or offering for sale the Unauthorized Products or any other unauthorized products which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to any of the Nike Trademarks;

  ii) Importing, manufacturing, distributing, advertising, selling and/or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to any of the Nike Trademarks;

  iii) Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Defendants' customers and/or members of the public to believe, the actions of Defendants, the products sold by Defendants, or Defendants themselves are connected with Nike, are sponsored, approved or licensed by Nike, or are affiliated with Nike;

  iv) Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Nike.

5) Defendants are ordered to deliver for destruction all Unauthorized Products, including footwear, and labels, signs, prints, packages, dyes, wrappers, receptacles and advertisements relating thereto in their possession or under their control bearing any of the Nike Trademarks or any simulation, reproduction, counterfeit, copy or colorable

imitations thereof, and all plates, molds, heat transfers, screens, matrices and other means of making the same.

6) Defendants are ordered to pay damages to Nike pursuant to 15 U.S.C. § 1117 in the sum of One Hundred Thousand Dollars ($100,000.00).

7) Defendants are ordered to pay interest on the principal amount of the judgment to Plaintiff at the statutory rate pursuant to 28 U.S.C. §1961(a).

8) ~~This Judgment shall be deemed to have been served upon Defendants at the time of its execution by the Court.~~ [stricken by court]

9) The Court finds there is no just reason for delay in entering this Judgment and, pursuant to Fed. R. Civ. P. 54(a), the Court directs immediate entry of this Judgment against Defendants.

10) The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Judgment.

DATED: September 17, 2008

_____
Hon. John F. Walter
Judge, United States District Court,
Central District of California

PRESENTED BY:

J. Andrew Coombs,
A Professional Corporation

By: ___/s/ Annie S. Wang_____
     J. Andrew Coombs
     Annie S. Wang
Attorneys for Plaintiff Nike, Inc.

# EXHIBIT A

## Nike Registrations

| Trademark | Registration Number | Registration Date |
|---|---|---|
| Nike® | 1,277,066 | May 8, 1984 |
| Swoosh® Design | 1,284,385 | July 3, 1984 |
| Nike® and Swoosh® Design | 1,237,469 | May 10, 1983 |
| Nike Air® | 1,571,066 | December 12, 1989 |
| Air Jordan® Design | 1,742,019 | December 22, 1992 (Class 18 and 25) |
| Just Do It® | 1,875,307 | January 24, 1995 |
| Nike® | 2,196,735 | October 13, 1998 (Class 14) |
| Nike® and Swoosh® Design | 2,209,815 | December 8, 1998 (Class 14) |
| AIR-SOLE | 1,145,812 | January 13, 1981 |
| SWOOSH | 1,200,529 | July 6, 1982 |
| NIKE | 1,214,930 | November 2, 1982 |
| NIKE AIR w/Swoosh device | 1,284,386 | July 3, 1984 |
| NIKE AIR | 1,307,123 | November 27, 1984 |
| Swoosh device on shoe | 1,323,342 | March 5, 1985 |
| Swoosh device | 1,323,343 | March 5, 1985 |
| NIKE w/Swoosh device | 1,325,938 | March 19, 1985 |
| AIR JORDAN | 1,370,283 | November 12, 1985 |
| AIR MAX | 1,508,348 | October 11, 1988 |
| AIR TRAINER | 1,508,360 | October 11, 1988 |
| Jump Man device | 1,558,100 | September 26, 1989 |
| AIR SKYLON | 1,665,479 | November 19, 1991 |
| AIR SOLO FLIGHT | 1,668,590 | December 17, 1991 |
| AIR FLIGHT | 1,686,515 | May 12, 1992 |
| AIR DESCHUTZ | 1,735,721 | November 24, 1992 |
| AIR TRAINER MAX | 1,789,463 | August 24, 1993 |
| RUNWALK device | 1,877,672 | February 7, 1995 |
| NIKE GOLF | 1,944,436 | December 26, 1995 |
| NIKE REGRIND | 2,022,321 | December 10, 1996 |
| AIRMAX in oval | 2,030,750 | January 14, 1997 |
| AIR UPTEMPO in crest | 2,032,582 | January 21, 1997 |

| | | | |
|---|---|---|---|
| 1 | NIKE REGRIND in crest | 2,042,940 | March 11, 1997 |
| 2 | AIR with Swoosh device | 2,068,075 | June 3, 1997 |
| 3 | NIKE with Swoosh device | 2,104,329 | October 7, 1997 |
| | ACG NIKE in triangle | 2,117,273 | December 2, 1997 |
| 4 | Stylized "B" | 2,476,882 | August 14, 2001 |
| 5 | NIKE ALPHA PROJECT as device | 2,517,735 | December 11, 2001 |
| 6 | Ellipses device | 2,521,178 | December 18, 2001 |
| 7 | STORM-FIT | 2,551,655 | March 26, 2002 |
| 8 | Baseballer silhouette device | 2,571,726 | May 21, 2002 |
| 9 | Reverse "Z" in rectangle device | 2,584,382 | June 25, 2002 |
| 10 | NIKE GOLF with crest | 2,628.587 | October 1, 2002 |
| 11 | WAFFLE RACER | 2,652,318 | November 19, 2002 |
| 12 | PHYLITE | 2,657,832 | December 10, 2002 |
| | TRUNNER | 2,663,568 | December 17, 2002 |
| 13 | DRI-STAR | 2,691,476 | February 25, 2003 |
| 14 | BOING | 2,735,172 | July 8, 2003 |
| | Swoosh with clubs crest | 2,753,357 | August 19, 2003 |
| 15 | PRESTO | 2,716,140 | May 13, 2003 |
| 16 | FOOTENT | 2,798,233 | December 23, 2003 |
| | FOOTENT in device | 2,798,234 | December 23, 2003 |
| 17 | TRIAX | 2,810,679 | February 3, 2004 |
| 18 | R9 | 2,843,275 | May 18, 2004 |
| | WAFFLE TRAINER | 2,893,674 | October 12, 2004 |
| 19 | THERMA-STAR | 2,960,844 | June 7, 2005 |
| 20 | NIKE SHOX | 2,970,902 | July 19, 2005 |
| 21 | Basketball player outline | 2,977,850 | July 26, 2005 |
| | STAR FLEX | 3,002,455 | September 27, 2005 |
| 22 | 10//2 in rectangle | 3,057,889 | February 7, 2006 |
| 23 | NIKEFREE | 3,087,455 | May 2, 2006 |

Nike v. Masjuan, et al.: Proposed Judgment Pursuant to Default       - 7 -